IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SUSAN MARCOS-CHAVELA,

        Plaintiff,

    v.

JOSEPHINUM APARTMENTS;
CHRIST OUR HOPE CHURCH;
ARCHDIOCESE OF SEATTLE; and
BELL STORAGE,

        Defendants.

No. 3:19-cv-00999-HZ

OPINION & ORDER

HERNÁNDEZ, District Judge:

Pro se Plaintiff Susan Marcos-Chavela brings this action against Josephinum Apartments, Christ Our Hope Church, Archdiocese of Seattle, and Bell Storage. Plaintiff moves to proceed *in forma pauperis* [1]. Because Plaintiff has minimal income and assets, the Court grants the motion. However, for the reasons explained below, the Court dismisses the Complaint [2] without prejudice.

**STANDARDS**

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

> (B) the action or appeal–
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (*sua sponte* dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by inmates). A complaint is frivolous "where it lacks an arguable basis in law or in fact." *Neitzke*, 490 U.S. at 325; *Jackson v. State of Ariz.*, 885 F.2d 639, 640 (9th Cir. 1989).

As the Ninth Circuit has instructed, however, courts must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A pro se complaint "'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). A pro se litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Lopez*, 203 F.3d at 1130–31.

**DISCUSSION**

Plaintiff has failed to state a claim on which relief may be granted.[1] In her civil cover sheet, Plaintiff describes her claims as "whistleblower" and "contract" claims. Compl. Ex. 1, ECF 2-1. But Plaintiff's statement of the claim in the Complaint is as follows:

---

[1] Though Plaintiff alleges that the basis of jurisdiction in this case is federal, she has not provided the Court with any federal statute, treaty, or provision of the Constitution at issue in this case.

> With for thought and instruction Archbishop Pete Sartain denied my right to [illegible] w/ Vatican, [illegible] Pope, injured health, credit history, access to property, Monaco crown, and ceremony for Uncle Karol [illegible] Queen Anne – Seattle. Bribed by Jackson Thomas Stephens.

Compl. 4. Plaintiff seeks monetary and injunctive relief, including twenty years of free lodging in two apartments and the reporting of certain criminal acts by the staff of Josephinum Apartments. Compl. 4. From these allegations, the Court cannot discern a cognizable legal claim. Accordingly, the Court dismisses the Complaint and gives Plaintiff leave to amend to state a claim upon which relief may be granted.

## CONCLUSION

Plaintiff's application for leave to proceed IFP [1] is granted. Plaintiff's Complaint [2] is dismissed with leave to amend. Plaintiff may file an amended complaint, curing deficiencies noted above, within 30 days of this order.

IT IS SO ORDERED.

Dated this 10 day of July, 2019.

*(signature)*
MARCO A. HERNÁNDEZ
United States District Judge

---

*See* Compl. 3. However, Plaintiff is a citizen of Oregon, Defendants appear to be citizens of Washington, and the amount in controversy is $1,000,000. Compl. 2, 4. Accordingly, the Court likely has diversity jurisdiction. *See* 28 U.S.C. § 1332(a).